995 F.2d 234
 NOTICE: Ninth Circuit Rule 36-3 provides that dispositions other than opinions or orders designated for publication are not precedential and should not be cited except when relevant under the doctrines of law of the case, res judicata, or collateral estoppel.
UNITED STATES of America, Plaintiff-Appellee,
v.
Robert Sanchez ORTEGA, Defendant-Appellant.
 No. 92-10518.
 United States Court of Appeals, Ninth Circuit.
 Submitted May 12, 1993.*
Decided May 27, 1993.
 
 Before: HUG, WIGGINS, and THOMPSON, Circuit Judges.
 
 
 1
 MEMORANDUM**
 
 
 2
 Robert Sanchez Ortega appeals his 120-month sentence after a guilty plea to conspiracy to distribute cocaine in violation of 21 U.S.C. §§ 841(a)(1), 846. Despite a negotiated plea agreement in which Ortega expressly waived his right to appeal, he contends that the district court erred by enhancing his sentence based upon a 1973 state conviction which resulted from an invalid guilty plea. We have jurisdiction under 28 U.S.C. § 1291 and affirm.
 
 
 3
 "[A]n express waiver of the right to appeal in a negotiated plea of guilty is valid if knowingly and voluntarily made." United States v. Bolinger, 940 F.2d 478, 480 (9th Cir.1991).
 
 
 4
 Here, the government argues that Ortega waived the right to appeal his sentence based upon his written plea agreement. We agree. Ortega's plea agreement provides in relevant part that "[t]he defendant waives his right to appeal his conviction and sentence unless his sentence exceeds 10 years." There is no indication in the record that Ortega's plea was not knowingly and voluntarily made. Thus, because Ortega's sentence did not exceed 10 years, he waived his right to appeal. See Bolinger, 940 F.2d at 480.
 
 
 5
 AFFIRMED.
 
 
 
 *
 The panel unanimously finds this case suitable for decision without oral argument. Fed.R.App.P. 34(a); 9th Cir.R. 34-4
 
 
 **
 This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as provided by 9th Cir.R. 36-3